UNTIED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JENNA MENDEZ

    Plaintiff,

v.

CITY OF SWEETWATER
POLICE DEPARTMENT,

    Defendant.
_____/

## COMPLAINT

Plaintiff, JENNA MENDEZ ("Plaintiff"), by and through undersigned counsel hereby sues Defendant, CITY OF SWEETWATER POLICE DEPARTMENT, and states as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§201 et seq., and for declaratory judgment under U.S.C. §§2201 and 2202.

2. Jurisdiction of this original proceeding is conferred on this Court under 29 U.S.C. §216(b) and 28 U.S.C. §1337.

3. Venue in this Court is established by 29 U.S.C. §216(b) and 28 U.S.C. §139(b).

### THE PARTIES

4. Plaintiff resides in Miami-Dade County within the Southern District of Florida.

5. Defendant, CITY OF SWEETWATER POLICE DEPARTMENT ("Defendant") is a non-profit corporation located in Miami-Dade County which is within the Southern District of Florida.

6. At all relevant times, Plaintiff was an employee of an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §203. More particularly, Plaintiff is currently employed by the City of Sweetwater Police Department as a police officer.

7. At all relevant times, Plaintiff has been entitled to the rights, protections, and benefits of the Fair Labor Standards Act.

8. Defendant is an employer as defined by 29 U.S.C. §203(d) and Defendant is a public agency as defined by 29 U.S.C. §203(x).

9. Defendant is an enterprise as defined by 29 U.S.C. §203.

### COUNT I (Unpaid Overtime Wages)

10. Plaintiff reasserts and realleges paragraphs 1 through 9 as if fully set forth herein.

11. During the period of approximately August 19, 2011 to present, Plaintiff worked as a handler of police K-9 dogs for Defendant.

12. As a dog handler employed by Defendant, Plaintiff was entitled to overtime compensation of not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 hours per week, except as and to the extent otherwise provided in the Fair Labor Standards Act, 29 U.S.C. §207(a).

13. Plaintiff, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in 29 U.S.C. §207(a) without receiving compensation for such excess hours worked at a rate of not less than one and one-half times her regular rate of pay.

14. While employed by Defendant during the period of approximately August 19, 2011 to present, Plaintiff was and is the handler of one police dog. However, during the period of

approximately March 1, 2013 to February 3, 2014, Plaintiff was the handler of two (2) police dogs.

15. During the aforementioned periods, Plaintiff did not receive overtime compensation for hours worked in excess of 40 hours per week.

16. Plaintiff did not receive any compensation for the police dogs for which she cared for, maintained, groomed, fed, and cleaned up after on a daily basis.

17. During the above-referenced time period, Plaintiff spent approximately 7-12 hours per week training the police dogs for which there has been no compensation from the Defendant in violation of the Fair Labor Standards Act, 29 U.S.C. §207.

18. Plaintiff traveled to training sessions with the police dog(s) outside of the jurisdiction of the City of Sweetwater primarily in Palm Beach County for which she was not compensated.

19. More particularly, Plaintiff worked unpaid overtime hours caring for, maintaining, cleaning up after and training her assigned police dogs and maintaining K-9 related equipment in her capacity as a K-9 dog handler for the Defendant. The unpaid overtime hours included work grooming and feeding the dogs, providing medical care, walking or jogging with the dogs for exercise and to allow the dog to relieve itself, cleaning up after the dogs, including the dog kennels, the vehicle(s) used to transport the dogs, and recordkeeping and reports. Plaintiff also worked unpaid overtime hours maintaining her uniform and K-9 related equipment such as leads and harnesses, muzzles, and toys.

20. The failure of Defendant to compensate Plaintiff at one and one-half times her regular rate of pay for such hours worked is in violation of 29 U.S.C. §207. Such violation is redressable by the Plaintiff under 29 U.S.C. §216(b).

21. At all times material, Defendant was aware of the overtime hours and the work performed by K-9 handlers and of the requirements under the Fair Labor Standards Act to compensate the Plaintiff for said overtime hours.

22. The failure by Defendant to compensate the Plaintiff as required by the Fair Labor Standards Act was therefore a "willful" violation as defined under 29 U.S.C. §255.

23. Defendant is liable to Plaintiff in the amount of her unpaid compensation for work performed beginning three years prior to the commencement of this action, and an additional equal amount as liquidated damages, and for reasonable attorneys' fees, together with the costs of bringing this action.

24. Upon information and belief, the employment and work records relating to the Plaintiff are in the possession, custody, and control of the Defendant, and Plaintiff is unable to state precisely at this time the exact amounts owed to her. Defendant is under a duty imposed by 29 U.S.C. §211 and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to Plaintiff from which some of the amounts of Defendant's liability can be ascertained.

### *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff requests the following relief:

a) Entry of a declaratory judgment stating Defendant has violated its statutory and legal obligations and deprived Plaintiff of her rights, protections, and entitlements under the Fair Labor Standards Act as alleged herein;

b) Entry of an order for a complete and accurate accounting of all the compensation to which she is entitled;

c) Judgment against Defendant awarding Plaintiff monetary damages equal to back pay unpaid overtime compensation due to her under the Fair Labor Standards Act, together with liquidated damages in an equal amount, appropriate interest, attorneys' fees, and the costs of bringing this action; and

d) Any and all further relief this Court deems proper, including attorneys' fees and costs under the Fair Labor Standards Act to the Plaintiff.

Dated: August 19, 2014

Respectfully submitted,

s/Robert L. Switkes
s/Candace Cronan
ROBERT L. SWITKES, ESQ.
Florida Bar No: 241059
rswitkes@switkeslaw.com
CANDACE CRONAN, ESQ.
Florida Bar No: 90983
ccronan@switkeslaw.com
Robert L. Switkes & Associates, P.A.
407 Lincoln Road, PH SE
Miami Beach, Florida 33139
Tel: (305) 534-4757
Fax: (305) 538-5504
*Counsel for Plaintiff Jenna Mendez*